**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EDDIE DEAN FORD,**

    **Petitioner,**

**vs.**

                            **CASE NO. 4:10cv30-RH/WCS**

**EDWIN G. BUSS, Secretary,
Florida Department of Corrections,[1]**

    **Respondent.**

                                        /

**REPORT AND RECOMMENDATION**

This is an amended petition for writ of habeas corpus filed by Eddie Dean Ford pursuant to 28 U.S.C. § 2254. Doc. 8. Petitioner challenges the revocation of his probation and sentence of 15 years in prison in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2004-1215.[2] Petitioner claims

---

[1] Edwin G. Buss was appointed as Secretary of the Florida Department of Corrections on February 14, 2011, and is substituted for Walter A. McNeil pursuant to FED. R. CIV. P. 25(d).

[2] There were other convictions and sentences connected with this case, but those sentences have been served and Petitioner does not challenge any aspect of those cases.

that he had ineffective assistance of counsel with respect to the revocation of probation proceeding. Doc. 8, pp. 4-11. Respondent filed a motion to dismiss. Doc. 19. The exhibits are in paper form and were filed with doc. 19. Docket entry 20. Petitioner responded. Doc. 23 and 24 (memorandum).

Petitioner entered into a plea agreement in case number 2004-1215 and in several unrelated cases. The charge in case number 2004-1215 was burglary of a dwelling with a person assaulted. Ex. C2. Pursuant to a combined plea agreement in the several cases, Petitioner was sentenced in case number 2004-1215 to a term of 5 years probation with a 15 year suspended prison sentence. Ex. C3 and C4.

On July 31, 2005, Petitioner was charged with violation of probation in that case. Ex. C5. He was charged with failing to report as directed to the probation officer on January 13, 2005, with changing his residence without prior permission of the probation officer, and with failing to successfully complete a batterer's intervention program. *Id.* The same charge of violation of probation was made in the other cases as well. Counsel was appointed for Petitioner, and the trial court held an evidentiary hearing on April 22, 2005. Ex. E. It is obvious from this that Petitioner denied that he violated the conditions of probation. The court found that Petitioner committed the first and third alleged violations. *Id.*, pp. 49-50. The court revoked probation in case number 2004-1215 and imposed the 15 year prison sentence that had been previously suspended. *Id.*, p. 53.

Respondent argues in the motion to dismiss that "there is no right of counsel under the Sixth Amendment in probation revocation proceedings . . . ." Doc. 19, p. 9. Respondent acknowledges that Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36

L.Ed.2d 656 (1973) held that there is a right to counsel in some revocation of probation cases, but contends that this a "due process" right rather than a Sixth Amendment right. Doc. 19, p. 11.  Respondent argues that the only federal claim Petitioner made in state court was a Sixth Amendment claim to effective assistance of counsel, and did not mention a due process right to effective counsel.  *Id.*, p. 14.  Respondent concludes that Petitioner did not exhaust his state court remedies as to a due process claim, and that the claim is now procedurally defaulted.  *Id.*, pp. 14-19.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1), (c)."  O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts."  Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard).  However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  While it is not necessary that the petitioner cite "book and verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised.  Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888 (citations omitted)

I do not read this motion as arguing that Petitioner did not have a due process right to counsel at his probation revocation hearing.  If that argument had been made, it was due to be rejected.  In Gagnon, as in the case at bar, the defendant had been sentenced to a suspended 15 year prison term and placed on probation.  411 U.S. at

779, 93 S.Ct. at 1758.  The Court said: "This case presents the related questions whether a previously sentenced probationer is entitled to a hearing when his probation is revoked and, if so, whether he is entitled to be represented by appointed counsel at such a hearing.  *Id*.  The Court acknowledged its prior decision, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).  The Court further said that Mempa was a case where

> the Court held that a probationer is entitled to be represented by appointed counsel at a combined revocation and sentencing hearing. Reasoning that counsel is required "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected," *Id*., at 134, 88 S.Ct., at 257, and that sentencing is one such stage, the Court concluded that counsel must be provided an indigent at sentencing even when it is accomplished as part of a subsequent probation revocation proceeding. *But this line of reasoning does not require a hearing or counsel at the time of probation revocation in a case such as the present one, where the probationer was sentenced at the time of trial.*

*Id*., at 781, 93 S.Ct. at 1759 (emphasis added).  The Court then said:  "[W]e deal here, not with the right of an accused to counsel in a criminal prosecution, but with the more limited due process right of one who is a probationer or parolee only because he has been convicted of a crime."  *Id*., at 789, 93 S.Ct. at 1763.  The Court said that the due process right to counsel would depend upon "fundamental fairness," and reasoned:

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, *based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty*; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. . . .

*Id*., at 790, 93 S.Ct. at 1764 (emphasis added).

Petitioner here did not admit that he violated the conditions of probation, and the trial court held a lengthy evidentiary hearing.  Following the guidance of Gagnon,[3] Petitioner presumptively had a federal due process right to counsel in that proceeding, and Respondent has not shown otherwise.[4]

In those instances in criminal cases where the source of the right to counsel is the Due Process Clause rather than the Sixth Amendment, a defendant has a right to *effective* counsel.  Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985) ("A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").  Although the source of the right may be the Due Process Clause, courts routinely apply the Sixth Amendment standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct.

---

[3] While acknowledging that Gagnon held that there is not a federal constitutional right to counsel in *all* probation revocation hearings, the Florida Supreme Court adopted a state law rule that absent an informed waiver, counsel shall always be provided in probation revocation proceedings, and must be provided before being required to admit or deny the revocation charges.  Hicks v. State, 452 So. 2d 606 (Fla. 4th DCA 1984), *approved*, 478 So. 2d 22, 23-24 (Fla.1985).  Federal Rule of Criminal Procedure 32.1(a)(3)(B) similarly provides a right to counsel in a proceeding to revoke or modify probation or supervised release.  In other words, both jurisdictions by-pass the case by case approach of Gagnon.

[4] There is no right to counsel in collateral post-conviction proceedings challenging the conviction and sentence, whether arising from the Sixth Amendment or due process.  Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998), *citing*, Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).  Proceedings to revoke probation, however, are not collateral proceedings.  *See*, Tasker v. State, 48 So.3d 798, 805 (2010) (sentencing after revocation of probation is a deferred sentencing proceeding) (citation omitted); Ferreira v. Secretary, Department of Corrections, 494 F.3d 1286, 1292-1293 (11th Cir. 2007) (the judgment is based on the conviction and the sentence the petitioner is serving for purposes of § 2254) (citations omitted).

Case No. 4:10cv30-RH/WCS

2052, 80 L.Ed.2d 674 (1984) to claims of ineffective assistance of state appellate counsel. *E.g.*, Cave v. Secretary for Dept. of Corrections, 638 F.3d 739, 748 (11th Cir. 2011) (appellate counsel); Digsby v. McNeil, 627 F.3d 823, 830-831 (11th Cir. 2010), *cert. denied*, --- S.Ct. ---- (U.S. May 31, 2011) (No. 10-9720) (appellate counsel). To like effect, other courts have applied Strickland to a claim of ineffective assistance of counsel at a probation revocation proceeding. Marshall v. Cabana, 835 F.2d 1101, 1103 (5th Cir. 1988); United States v. Allen, 157 F.3d 661, 666-667 (9th Cir. 1998). In other words, the standard to adjudicate a due process ineffectiveness claim is identical to the standard to adjudicate a Sixth Amendment claim of ineffectiveness.

In his Rule 3.850 motion, Petitioner presented a claim of ineffective assistance of counsel in his probation revocation proceedings and cited Strickland. Ex. K, p. 9. The trial court cited and relied upon Strickland when it denied the Rule 3.850 motion. Ex. O, p. 2 (R. 39). Accordingly, Petitioner exhausted his state court remedies as to his due process claim that his counsel at his revocation hearing was ineffective. The motion to dismiss should be denied.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 19, be **DENIED** and that Respondent be **ORDERED** to file a response on the merits within 60 days of the order adopting this recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on June 16, 2011.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:10cv30-RH/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**