IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDDIE DEAN FORD,

    Petitioner,

vs.                                                                          Case No. 4:10cv30-RH/CAS

KENNETH S. TUCKER, as Secretary of
Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

Petitioner Eddie Dean Ford, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in January 2010 in the United States District Court for the Middle District of Florida.  Doc. 1.  Because Petitioner challenged a judgment of conviction entered by the Second Judicial Circuit, in and for Leon County, Florida, the case was transferred to this Court.  Doc. 3.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  See Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the § 2254 petition should be denied on the merits.

## Procedural History

In this case, Petitioner's challenge concerns only the revocation of his probation and the resulting imposition of a fifteen-year prison sentence in case number 2004-1215, by the Second Judicial Circuit, Leon County, Florida. Docs. 1 and 8. This Court directed Petitioner to amend his petition (Doc. 7), and, on March 17, 2010, Petitioner filed an amended § 2254 petition and supporting memorandum (Docs. 8 and 9). This Court then directed service of the amended § 2254 petition on Respondent, and required Respondent to file an answer, motion, or other response. Doc. 10.

Thereafter, in September 2010, Respondent filed a motion to dismiss the amended petition with prejudice for lack of jurisdiction (Doc. 19), attaching exhibits containing portions of the record (Doc. 20). Petitioner filed a response to the motion in November 2010. Doc. 23. In June 2011, this Court entered a Report and Recommendation indicating the motion to dismiss should be denied. Doc. 26. By order entered July 28, 2011, the District Court accepted that Report and Recommendation and denied the motion to dismiss. Doc. 28.

In September 2011, Respondent filed an Answer to Amended Petition for Writ of Habeas Corpus. Doc. 30. Petitioner filed a Reply in October 2011. Doc. 33. Accordingly, the undersigned now considers Petitioner's amended § 2254 petition and supporting memorandum (Docs. 8 and 9), which raises three claims of ineffective assistance of counsel, together with Respondent's answer and Petitioner's reply. As explained below, because Petitioner's claims lack merit, the amended § 2254 petition should be denied.

## State Court Proceedings

In June 2004, Petitioner entered into a plea agreement in case number 2004-1215 and several other cases.  Doc. 20 Ex. C3.[1]  Case number 2004-1215 involved a charge of burglary of a dwelling with a person assaulted.  Ex. C2.  Pursuant to the plea agreement, Petitioner was sentenced in case number 2004-1215 to a term of five years' probation with a fifteen-year suspended prison sentence.  Exs. C3 and C4.

On January 31, 2005, Petitioner was charged with violating the terms of his probation.  Ex. C5.  Specifically, he was charged with three violations: (1) violating Condition 1 by failing to report as directed on January 13, 2005; (2) violating Condition 3 by changing his residence without prior permission of his probation officer; and (3) violating Condition 15 by failing to successfully complete a batterer's intervention program.  *Id.*  By amended affidavit, Petitioner was also charged with violating Condition 5 because of his arrest for a new law violation for giving a false identification to a law enforcement officer.  Ex. C6.  Counsel was appointed for Petitioner and an evidentiary hearing took place on April 22, 2005.  Ex. E.  Several witnesses testified at the hearing, including Petitioner; his probation officer, Mark McNally; his father, Franklin Ford; Jason Lee, a sergeant with the Leon County Sheriff's Office; Kevin Bradshaw, a patrol officer with the Tallahassee Police Department; and Barry Jones, Director of the New Hope Batterers Intervention Program.  Ex. E.

At the conclusion of the revocation hearing, the court resolved all credibility issues in favor of the probation officer and found Petitioner in willful and substantial

---

[1]All referenced Exhibits are to Document 20, unless otherwise indicated.

violation of Conditions 1 and 15 of his probation.  Ex. E at 47-50; *see* Ex. O.  As to the new arrest, the court resolved the credibility issues in favor of the police officer and found Petitioner willfully and substantially violated Condition 5 of his probation by his arrest for giving false identification to a law enforcement officer.  Ex. E at 48-49; *see* Ex. O.  The court revoked Petitioner's probation and imposed the previously-suspended fifteen-year prison sentence.  Ex. E at 53.

Petitioner appealed his judgment and sentence to the First District Court of Appeal (DCA), and the case proceeded as an Anders[2] appeal with Petitioner filing a pro se brief.  Ex. I; online docket for case number 1D05-2356 at www.1dca.org.  On January 19, 2007, the First DCA issued a per curiam affirmance without opinion; the mandate issued February 7, 2007.  Ex. J; Ford v. State, 947 So. 2d 1164 (Fla. 1st DCA 2007) (table).

On August 23, 2007, Petitioner filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. K.  The state post-conviction trial court summarily denied the motion on August 31, 2007, stating that Rule 3.850 does not apply to probation revocation proceedings.  Ex. L.  Petitioner appealed to the First DCA and that court reversed and remanded the case for further proceedings.   Ex. N; online docket for case number 1D07-5022 at www.1dca.org; Ford v. State, 989 So. 2d 691 (Fla. 1st DCA 2008).

On remand, the state post-conviction trial court again summarily denied Petitioner's Rule 3.850 motion.  Ex. O.  The court entered a written order denying each

---

[2] Anders v. California, 386 U.S. 738 (1967).

claim on the merits. *Id.* In addition, the court noted that "any one of the three VOP allegations, standing alone, would have been sufficient to support a revocation of probation and imposition of the suspended sentence" and "therefore, even if Defendant were to prevail on one of his three claims, he would not be entitled to relief because the outcome of the proceeding would have been the same." *Id.* at 5. Petitioner again appealed to the First DCA and that court per curiam affirmed the appeal on April 27, 2009; the mandate issued August 11, 2009. Ex. S; online docket for case number 1D08-5187 at www.1dca.org; Ford v. State, 13 So. 3d 59 (Fla. 1st DCA 2009) (table).

In January 2010, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent acknowledges that Petitioner has timely filed his petition. *See* Doc. 30 at 7.

## **Analysis**

In the amended § 2254 petition, Petitioner asserts three grounds of ineffective assistance of counsel concerning the probation revocation proceeding: (1) counsel failed to investigate, failed to take depositions, and failed to interview and call defense witnesses; (2) counsel failed to investigate, depose, and interview the State's witnesses; and (3) counsel failed to investigate a sworn affidavit by Petitioner's probation officer and interview and depose the State witness regarding the violation of Condition 1. Doc. 8 at 4, 7, 9. Respondent acknowledges that Petitioner raised these claims in the Rule 3.850 motion, which the state post-conviction court denied on the merits and which denial was affirmed on appeal, without opinion, by the First DCA. *See* Doc. 30 at 18-19, 24-25, 29-30.

Ground 1: Failure to Investigate, Interview, and Call Defense Witnesses

In Ground 1, Petitioner argues that he had requested his appointed counsel investigate his case thoroughly prior to the revocation hearing and such investigation would have revealed Petitioner had not violated his probation. Doc. 8 at 4. This ground evidently concerns the violation of Condition 5 of his probation by giving false identification to a law enforcement officer According to Petitioner, if counsel had done a proper investigation, counsel would have learned that, on February 4, 2005, Petitioner and several other males were approached by Officer Kevin Bradshaw regarding an anonymous call of suspicious activity. *Id.* When Officer Bradshaw asked Petitioner for identification, Petitioner gave his correct name as well as a phone number for verification of his identity. *Id.* Petitioner gave counsel the names of material witnesses, present during this incident on February 4, 2005, and requested counsel interview and take depositions of Christopher Mitchell, Eddie Miller, and Angela Thompson. *Id.* at 5. Petitioner asserts these witnesses were available to testify and their testimony would have changed the outcome of the proceeding. *Id.* Specifically, Petitioner asserts that Mr. Mitchell's testimony "would have directly discredited Officer Bradshaw's testimony and placed the state's witness testimony in doubt." *Id.* Ms. Thompson "was a witness that Officer Bradshaw had called to verify his true identity." *Id.* Petitioner asserts that Ms. Thompson gave the officer Petitioner's name and her testimony "would have further eroded Officer Bradshaw's credibility." *Id.* at 6. Petitioner asserts that Officer Bradshaw gave inconsistent and contradictory statements concerning the officer's conversation with Ms. Thompson. *Id.* Petitioner asserts that "[h]ad counsel called witnesses, each

witness would have told counsel their version and facts pertaining to the issue at hand which would and could have changed the outcome of the proceeding." *Id.* at 5. Counsel failed to call these witnesses and then requested a continuance for that purpose during the revocation hearing; however, the court denied the continuance request. *Id.* Petitioner asserts that "[c]ounsel's failure to call these three witnesses deprived [him] of his chance to show the state lower tribunal that he was actually innocent of not committing a crime, or in violation of his probation." *Id.* at 6. Petitioner asserts "counsel was not acting as counsel guaranteed by the Sixth Amendment of the United States Constitution" and the state post-conviction court's denial of his claim "was based on an unreasonable view of the facts presented . . . in light of the evidence in this case." *Id.* at 7.

As indicated above, the state post-conviction court addressed this claim on the merits and denied it in a written order. Ex. O. In particular, that court made the following findings:

> In Ground 1, Defendant claims his counsel was ineffective for failing to adequately investigate witnesses related to the new law violation. Specifically, he claims counsel failed to . . . investigate and depose several witnesses present at the crime scene. . . . Defendant argues that the witnesses would have testified that Officer Bradshaw knew that Defendant's name was Eddie Ford at the time the arrest was made. First, this testimony would have been inadmissible, as those witnesses would not have been competent to testify as to what Officer Bradshaw knew. Second, Officer Bradshaw's knowledge of Defendant's name is irrelevant to the factual determination of whether Defendant gave a false name. Defendant also alleges that his counsel should have cross-examined Officer Bradshaw by asking him why Defendant gave him (Officer Bradshaw) Angela Thompson's phone number. As above, Officer Bradshaw could not testify as to why Defendant did something, and the reason why Defendant gave the officer his girlfriend's number is irrelevant

> to his providing a false name. As to any allegation that Officer Bradshaw actually knew Defendant's real name prior to his arrival at the jail, this matter was addressed at the hearing (Attachment C at 25-26). As to any claim that counsel should have impeached the officer regarding discrepancies between his testimony and the probable cause affidavit, he fails to identify any inconsistency.
>
> Also in Ground 1, Defendant appears to allege that his counsel was ineffective for failing to obtain a continuance so that she could further investigate witnesses and present their testimony. Having found above that the testimony would have been inadmissible and irrelevant, there is not prejudice resulting from any alleged deficiency. The Court also notes that a stipulated motion for a continuance was granted on March 16, 2005. According to the motion and the record, counsel moved for an additional continuance, but the motion was denied (Attachment C at 51). Counsel is not ineffective simply because her motion was not granted, and because the witnesses' testimony would not have been allowed, no prejudice resulted from any lack of investigation. Ground 1 is denied.

Ex. O at 2-3. The First DCA affirmed this order on appeal.

Because Petitioner contends he was denied his constitutionally guaranteed right to the effective assistance of counsel, his claim is governed by the holding in Strickland v. Washington, 466 U.S. 668 (1984). *See* Doc. 26. In Strickland, the U.S. Supreme Court adopted a two-part test for claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388. For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." *Id.*

Here, the state post-conviction trial court applied the Strickland test and denied Petitioner's claim on the merits. Thus, that determination is entitled to deference and review is limited to the record before the state court. *See* Cullen, 131 S.Ct. at 1388. The state court found the proposed testimony by the witnesses identified by Petitioner would not have been admissible to show what Officer Bradshaw knew. Ex. O at 2. The court also found the officer's knowledge of Petitioner's name irrelevant to the factual determination of whether Petitioner gave a false name. *Id.* To the extent any conflict in the testimony existed, the state court credited the officer's version of the events. Ex. E. At best, had counsel presented the witnesses urged by Petitioner, it appears they would have provided additional testimony similar to Petitioner's – which the state court discredited. Notably, the post-conviction trial judge was the same judge who presided over the revocation hearing. *Compare* Ex. E *with* Ex. O. Thus, there is no reasonable probability that the additional testimony Petitioner cites would have changed the outcome of the revocation hearing. *See* Cullen, 131 S.Ct. at 1409-10 (finding no reasonable probability that additional evidence presented in state habeas proceedings would have changed jury's verdict); Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). *See also, e.g.*, Aldrich v. Wainwright, 777 F.2d 630, 637 (11th Cir. 1985) (explaining that speculation is not sufficient to carry burden of showing what evidence

could have been revealed by further investigation); Parker v. Allen, 565 F.3d 1258, 1285-86 (11th Cir. 2009) ("To show prejudice, Parker must prove that there is a reasonable probability that the sentencing judge would have arrived at a different conclusion after being presented with the additional evidence and reweighing the aggravating and mitigating circumstances. . . . In this case, the sentencing judge was the same as the post-conviction judge and clearly stated that the sentence would not have been different even with additional testimony. The district court did not err in finding that the state courts reasonably applied Strickland in rejecting his ineffective assistance of counsel claim.").

It was not unreasonable for the state court to conclude that Petitioner's trial counsel's performance was not deficient. And, even assuming deficient performance, it was not unreasonable for the state court to conclude that Petitioner did not demonstrate any prejudice. Under the double deferential review this Court applies to a Strickland claim evaluated pursuant to the § 2254(d) standard, Petitioner's ineffective assistance of counsel claim in Ground 1 fails. Accordingly, Ground 1 should be denied.

### Ground 2: Failure to Investigate, Depose, and Interview State Witnesses

In Ground 2, Petitioner asserts that his appointed counsel was ineffective because she relied on the State's version of the facts and not her own investigation. Doc. 8 at 7. Petitioner references testimony giving during the revocation hearing by his probation officer, McNally. Id. According to Petitioner, McNally stated Petitioner never contacted Mr. Jones, the person in charge of the Batterer Intervention Program. Id. Petitioner states that "[o]n or about July 2nd, 2004, the petitioner's probation officer Mr.

McNally instructed that the petitioner with a time to start and successfully complete the program when in fact, the law clearly states, that a probation officer can not give a defendant a time limit to sign-up for any special condition of a program when it was never orally pronounced, or court ordered, when to start the program at a specific time." *Id.* Petitioner asserts that if counsel had "taken depositions and interviewed and done an adequate job of investigation of this matter and of Mr. Jones, she could have used the deposition as a defense to impeach any prior statement given by Mr. Jones." *Id.* According to Petitioner, Mr. Jones gave inconsistent and contradictory statements regarding Petitioner having contacted Mr. Jones' receptionist at the Batterer Intervention Program. *Id.* at 8. Petitioner asserts "[t]he evidence is undisputed that the petitioner did not contact the batterer intervention program." *Id.* Petitioner quotes a portion of the transcript from the revocation hearing and argues Mr. Jones admitted that he did not know whether Petitioner called to sign up for the program. *Id.* Thus, according to Petitioner, "the record clearly reveals that the petitioner did not willfully, and substantially violate the condition of his probation." *Id.* Petitioner argues that if counsel had properly and thoroughly investigated the case, counsel would have learned that Petitioner followed the instructions of Probation Officer McNally. *Id.* at 8-9. Petitioner concludes that, if counsel had done an effective job, he would not have been found in violation of his probation and would not have been sentenced to fifteen years in prison. *Id.* at 9. Petitioner argues the state court decision was based on an unreasonable view of the facts in light of the evidence presented. *Id.*

The state post-conviction trial court addressed this claim on the merits and

denied it. Ex. O. In particular, that court made the following findings:

> As Ground 2, Defendant alleges his counsel was deficient for failing to investigate witnesses and evidence related to the violation of Condition 15 (failure to complete a Batterers' Intervention Program). Specifically, he claims his counsel should have investigated whether the trial judge gave him a start date for the program, because the probation officer could not impose a start date. The cases cited by Defendant refer to deadlines by which to complete special conditions of probation. See, e.g., Creamer v. State, 900 So. 2d 773 (Fla. 1st DCA 2005); Gamble v. State, 737 So. 2d 1160 (Fla. 1st DCA 1999); Melecio v. State, 662 So. 2d 408 (Fla. 1st DCA 1995). Contrary to Defendant's assertion, the probation officer did not mandate a start or completion date for the program. Rather, he instructed Defendant to sign up for the course by a certain date (Attachment C at 8-10; 16-17). Defendant failed to do so, and offered several excuses for why he had not. Id. at 38-39. The Court heard testimony from the director of the Program that indicated that Defendant's excuses were not credible. Id. at 29-31. As to any claim that counsel failed to impeach Probation Officer McNally regarding discrepancies between his testimony and the VOP affidavit, nothing in the affidavit indicates that Program Director Barry Jones ever spoke directly with Defendant about the program (Attachment D). Counsel adequately cross-examined Mr. Jones on this point (Attachment C at 30-31). No affidavit from Mr. Jones exists in the record. Ground 2 is denied.

Ex. O at 3-4. The First DCA affirmed this order on appeal.

As with Ground 1, the state post-conviction trial court applied the Strickland test and denied this claim on the merits. Thus, that determination is entitled to deference and review is limited to the record before the state court. See Cullen, 131 S.Ct. at 1388. The record supports the determination by the state court that Probation Officer McNally instructed Petitioner to sign up for the Batterers' Intervention Program and Petitioner failed to do so. See Ex. E at 7-10, 17 (testimony of McNally that he instructed Petitioner to sign up for Batterers Intervention Program within 30 days, pursuant to court's order, and Petitioner did not sign up even though Petitioner told McNally he had called Mr. Jones and was put on waiting list for Program); 28-30 (testimony of Barry Jones,

Director of New Hope Batterers Intervention Program, that he had no knowledge of Petitioner having contacted the Program, the Program does not have a waiting list - contrary to Petitioner's statement – the Program is "never full" and people who contact the Program are given "very simple instructions on how they enroll on any Wednesday night at six o'clock").  Indeed, in his application, Petitioner states that "[t]he evidence is undisputed that the petitioner did not contact the batterer intervention program."  Doc. 8 at 8.

To the extent Petitioner is arguing the requirement of completing the Batterers' Intervention Program was not ordered by the court, such argument lacks merit.  The written judgment and sentence specifically directs Petitioner to "complete Battery Intervention – sign up within 30 days."  Ex. C4.  *Cf., e.g.*, Creamer v. State, 900 So. 2d 773 (Fla. 1st DCA 2005) (reversing order revoking probation where "order did not provide a deadline for completing the treatment program, and there was sufficient time remaining in Appellant's probationary term to comply with the order" and explaining that "[b]efore a trial court may revoke a defendant's probation for failing to complete a special condition of probation, the trial court must impose a time limit for completing the condition").

To the extent Petitioner is arguing counsel failed to adequately challenge Jones' statements, the record reflects that counsel did cross-examine Jones.  Petitioner's argument that Jones gave conflicting statements is not supported by a review of the record.  As the court found, the record contains no affidavit from Jones.  At the revocation hearing, Jones testified that, to his knowledge, Petitioner had not contacted

him by phone about the Program. Ex. E at 29. Jones testified the Program does not have a waiting list and "[i]t's never full." *Id.* On cross, when asked whether his secretary may have been contacted by Petitioner and told Petitioner that the Program was full and he would be put on a waiting list, Jones stated, "I do not know if he called or not. I know my secretary is instructed to give very simple instructions on how they enroll on any Wednesday night at six o'clock." *Id.* at 30. Thus, the record supports the post-conviction court's determination that counsel adequately cross-examined Jones.

It was not unreasonable for the state court to conclude that Petitioner's trial counsel's performance was not deficient or resulted in prejudice. Under the double deferential review this Court applies to a Strickland claim evaluated pursuant to the 2254(d) standard, Petitioner's ineffective assistance of counsel claim in Ground 2 fails. Accordingly, Ground 2 should be denied.

### Ground 3: Failure to Investigate and Depose Probation Officer McNally

In Ground 3, Petitioner asserts that he was found guilty at the revocation hearing based on the trial court finding Mr. McNally's testimony more credible than that of Petitioner. Doc. 8 at 9. Petitioner argues that McNally wrote a false report concerning Petitioner's failure to show at his office on January 13, 2005, as instructed. *Id.* Petitioner states that he told Mr. McNally that he could not make that appointment because he was out of town on a job assignment for the month of January. *Id.* Petitioner states that McNally told him to go ahead "as long as it was work and to call him if petitioner needed him." *Id.* at 9-10. Petitioner told Mr. McNally that he would report as soon as he got back to town. *Id.* at 10. According to Petitioner, Mr. McNally

gave him permission to be absent for the month of January 2005 because of Petitioner's job, but Mr. McNally must "have mistakenly or forgotten that he had authorized for petitioner to be absent." *Id.* Petitioner asserts he had witnesses, Angela Thompson and Ruby Ford, who could verify Mr. McNally had authorized Petitioner to be away for January to work out of town. *Id.* Petitioner argues that if counsel had investigated, counsel would have realized that Mr. McNally gave inconsistent and contradictory statements, which would have been discredited by the testimony of Ms. Thompson and Ms. Ford. *Id.* If counsel had called these witnesses, the state post-conviction trial court "would have not found that the petitioner willfully and substantially violated condition one of his probation." *Id.* at 11. Petitioner asserts the state court's decision was based on an unreasonable view of the facts in light of the evidence presented. *Id.*

The state post-conviction trial court addressed this claim on the merits and denied it. Ex. O. In particular, that court made the following findings:

> Finally, as Ground 3, Defendant claims his attorney was deficient for failing to investigate witnesses related to his violation of Condition 1 (failure to report). According to the record, PO McNally testified that Defendant was instructed to report to him on January 13, 2005 (Attachment C at 6). PO McNally further testified that the time and date were set at Defendant's convenience. Id. Defendant did not appear at the scheduled time, and never contacted PO McNally to explain his absence. Id. at 6-7. Defendant admitted on direct and cross-examination that he missed the appointment and never called to explain or reschedule. Id. at 33-34; 42. Defendant claims that Angela Thompson and Rudy Ford could have testified that PO McNally knew that Defendant was out of town working and could not make the appointment. As explained in Grounds 1 and 2 above, these witnesses could not testify as to what PO McNally knew and their testimony on that point would not have been allowed. There is no way that testimony from these witnesses would have proven that PO McNally's testimony or the VOP affidavit was false. The fact that the State did not seek to violate Defendant on two of the original conditions is not "proof" that the VOP affidavit was false. Defendant

> presents no argument as to how any investigation into the affidavit could have helped his case.

Ex. O at 4.

As with Grounds 1 and 2, the state post-conviction trial court applied the Strickland test and denied this final claim on the merits. Thus, that determination is entitled to deference and review is limited to the record before the state court. *See* Cullen, 131 S.Ct. at 1388. The state court found the proposed testimony by the witnesses identified by Petitioner would not have been admissible to show what Probation Officer McNally knew. Ex. O at 4. The court also found Petitioner admitted in his testimony at the revocation hearing that he missed the appointment with McNally and did not call to explain or reschedule. *Id.* The record supports this finding. Ex. E at 34, 41-42. To the extent conflict in the testimony existed, the state court credited the probation officer's version of the events. *Id.* at 47-49. At best, had counsel presented the witnesses urged by Petitioner, it appears they would have provided additional testimony similar to Petitioner's – which the state court discredited. As noted above, the post-conviction trial judge was the same judge who presided over the revocation hearing. *Compare* Ex. E *with* Ex. O. Thus, there is no reasonable probability that the outcome would have been different. *See* Cullen, 131 S.Ct. at 1409-10; Marshall, 459 U.S. at 434. *See also, e.g.*, Aldrich, 777 F.2d at 637; Parker, 565 F.3d at 1285-86.

It was not unreasonable for the state court to conclude that Petitioner's trial counsel's performance was not deficient. And, even assuming any deficient performance, it was not unreasonable for the state court to conclude that Petitioner did not demonstrate prejudice. Under the double deferential review this Court applies to a

<u>Strickland</u> claim evaluated pursuant to the § 2254(d) standard, Petitioner's ineffective assistance of counsel claim in Ground 3 fails.  Accordingly, Ground 3 should be denied.

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief.  The amended § 2254 petition (Doc. 8) should be denied on the merits.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P.

24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's amended § 2254 petition on the merits (Doc. 8).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida on July 9, 2012.

      S/   Charles A. Stampelos
      **CHARLES A. STAMPELOS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**