**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

EDDIE DEAN FORD,

    Petitioner,

v.                                           CASE NO. 4:10cv30-RH/CAS

KENNETH S. TUCKER,

    Respondent.

_____/

## ORDER DENYING THE PETITION

A state court sentenced the petitioner Eddie Dean Ford to probation. The court later revoked Mr. Ford's probation based on several alleged violations including giving a false name to a law enforcement officer who was investigating suspicious activity. By an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, Mr. Ford challenges the revocation on several grounds, including his attorney's allegedly ineffective assistance in failing to interview and present the testimony of Angela Thompson, Christopher Mitchell, and Eddie Miller.

The case is here on the magistrate judge's report and recommendation, ECF No. 39, the objections, ECF No. 42, and additional filings relating to Mr. Mitchell

and Mr. Miller, ECF Nos. 44, 46, 51, and 52. I have reviewed *de novo* the issues raised by the objections and the additional filings. This order adopts the report and recommendation as the court's opinion and adds this additional discussion regarding Ms. Thompson, Mr. Mitchell, and Mr. Miller.

Mr. Ford asserts he gave the officer his correct name, not a false name. Mr. Ford also asserts the officer knew Mr. Ford's actual identity. Mr. Ford says the officer telephoned Ms. Thompson—a person who was not at the scene—to verify Mr. Ford's identity, and that she in fact verified his identity. Mr. Ford asserts that two witnesses who *were* at the scene—Christopher Mitchell and Eddie Miller—would have given testimony supporting Mr. Ford's version of events.

It was not entirely clear, based on the record as compiled to the point when the report and recommendation was entered, what Mr. Ford asserted Mr. Mitchell and Mr. Miller would have said. On one reading of Mr. Ford's papers, Mr. Mitchell and Mr. Miller would have said only that the officer knew Mr. Ford's actual identity. Another possible reading, though, was that Mr. Mitchell and Mr. Miller would have said that Mr. Ford did not give the officer a false name.

The state court rejected Mr. Ford's claim that his attorney rendered ineffective assistance by failing to interview or present the testimony of Ms. Thompson, Mr. Mitchell, or Mr. Miller. The court ruled further that the testimony of these witnesses could not have affected the outcome. The court correctly noted

that a person commits a crime by giving an officer a false name, even if the officer knows the person's actual identity. What matters is whether the person gave the officer a false name, not whether the officer was fooled.

Ms. Thompson could not have known what name Mr. Ford gave the officer—she was not there—so she could not have given testimony indicating Mr. Ford was not guilty of this charge. Mr. Ford's contrary assertion is simply wrong. The state court properly denied relief based on the failure to interview Ms. Thompson or present her testimony.

The state court said that Mr. Mitchell and Mr. Miller could not have testified to what the officer knew and that, even if they said the officer knew Mr. Ford's actual identity, this would not have mattered. That is correct. But if Mr. Mitchell or Mr. Miller would have testified that they heard Mr. Ford give the officer his correct name right at the outset, it might have mattered. The state court did not address this, apparently reading Mr. Ford's claim as insufficient to raise this issue.

The report and recommendation concluded that, under the standards set out in the Antiterrorism and Effective Death Penalty Act, the state court's resolution of these issues—and of Mr. Ford's other claims—should be upheld. That was correct if Mr. Ford's claim was only that Mr. Mitchell and Mr. Miller would have testified that the officer knew Mr. Ford's actual identity. But if they would have said they heard Mr. Ford give the officer his correct name at the outset, the situation would

have been different.  An effective attorney would have investigated the possible availability of eye witnesses who would testify to facts showing Mr. Ford's innocence.

    I entered an order giving Mr. Ford an opportunity to clarify his allegations on this score and to support the allegations with evidence.  The order also gave Mr. Ford an opportunity to explain any inability to provide evidence.  Rules 4 and 7 of the Rules Governing § 2254 Cases allow a district court to enter an order of that kind establishing reasonable procedures for deciding whether a full evidentiary hearing is necessary.

    Mr. Ford eventually said he was unable, because he was in custody, to obtain declarations from Mr. Mitchell and Mr. Miller.  I appointed an attorney for Mr. Ford to address this issue.  The attorney's investigator determined that Mr. Mitchell is dead and that Mr. Miller does not recall these events.  So there is not and never will be any evidence supporting Mr. Ford's claim that Mr. Mitchell and Mr. Miller heard Mr. Ford give the officer his correct name, not a false name.  An evidentiary hearing now to confirm these facts would serve no purpose.

    An additional point is not a basis for this ruling but does indicate that a ruling in Mr. Ford's favor would make no difference.  If Mr. Ford's petition was granted and he was afforded a new state-court hearing on the charge that he violated his conditions of probation by providing the officer a false name, the

available testimony would be precisely the same testimony available at the last hearing. Neither Mr. Mitchell nor Mr. Miller would provide relevant testimony. A new hearing on precisely the same evidence as was presented at the original hearing would serve no purpose.

For these reasons and those set out in the report and recommendation, the § 2254 petition is unfounded.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell,* 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Ford has not made the required showing. This order thus denies a certificate of appealability. Because Mr. Ford has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that Mr. Ford is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 39, is accepted.
2. The clerk must enter a judgment stating, "The petition for a writ of habeas corpus is denied with prejudice."
3. The motion for an evidentiary hearing, ECF No. 52, is denied.
4. Any other pending motion is denied as moot.

5. A certificate of appealability is denied.

6. Leave to proceed on appeal *in forma pauperis* is denied.

SO ORDERED on January 14, 2013.

           <u>s/Robert L. Hinkle     </u>
           United States District Judge